UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KRISTINA BARBER,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No.: 3:14-cv-325

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10), Plaintiff's reply (doc. 11), the administrative record (doc. 6),[2] and the record as a whole.

I.

A. **Procedural History**

Plaintiff filed for DIB on September 22, 2011 alleging a disability onset date of January 3, 2011. PageID 211, 225. Plaintiff claims disability as a result of a number of impairments

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

including, *inter alia*, rheumatoid arthritis; degenerative joint disease of the hips, hands, and feet; and obesity. PageID 45.

After initial denial of her applications, Plaintiff received a hearing before ALJ Scott Canfield on December 5, 2012. PageID 76. The ALJ issued a written decision thereafter finding Plaintiff not disabled. PageID 42-53. Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2. The claimant has not engaged in substantial gainful activity since January 3, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: sero-negative rheumatoid arthritis; degenerative joint disease of the hips, hands, and feet; and obesity (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

5. The claimant has the residual functional capacity ["RFC"] for work that involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers or small tools. She can stand or walk for a total of two hours in an eight-hour workday. The claimant can sit a total of approximately six hours in an eight-hour workday. She should never climb ladders, ropes or scaffolds. The claimant can occasionally climb ramps or stairs, balance, stoop, kneel, crouch and crawl. She is able to frequently handle and finger with the right dominant upper extremity.

6. The claimant is unable to perform past relevant work (20 C.F.R. 404.1565).

7. The claimant was born [in] 1965. At age 47, she is classified as a "younger individual" for Social Security purposes (20 CFR 404.1563).

8. The claimant has a high school education and a few college credit (20 CFR 404.1564).

9. The claimant does not have "transferable" work skills within the meaning of the Social Security Act (20 CFR 404.1568).

10. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that she can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant was not disabled, as defined in the Social Security Act, from January 3, 2011, through the date of this decision (20 C.F.R. 404.1520(g)).

PageID 45-53.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 31. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

### B. Evidence of Record

In his decision, the ALJ set forth a detailed recitation of the medical evidence in this case. PageID 44-51. Plaintiff, in her Statement of Errors, sets forth a detailed summary of the record evidence. Doc. 9 at PageID 381-88. The Commissioner presents no specific objection to Plaintiff's summary and defers to the ALJ's recitation of the evidence. Doc. 10 at PageID 398. Except as otherwise noted in this Report and Recommendation, the undersigned incorporates Plaintiff's summary and the ALJ's recitation of the evidence.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed

the correct legal criteria.  42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).  In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record.  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."  *Bowen*, 478 F.3d at 746.

B. **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act.  42 U.S.C. § 423(d)(1)(A).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

4

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work – and also considering the claimant's age, education, past work experience, and RFC – do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff alleges that the ALJ erred in: (1) failing to properly weigh the opinion of her treating rheumatologist, Thomas Henderson, M.D.; and (2) not appropriately considering the impact of obesity on her functional limitations. Doc. 9 at PageID 389. The Court agrees on both grounds.

**A. Treater Henderson**

With regard to the ALJ's assessment of Plaintiff's treating source opinion, "the Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30,

5

2013).  Treating physicians and psychologists top the hierarchy.  *Id*.  "Next in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Id*. "[N]on-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions."  *Id*.  "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

"An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'"  *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original).  This requirement is known as the "treating physician" rule.  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citations omitted).  Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]"  20 C.F.R. § 404.1527(c)(2); *see also Blakely*, 581 F.3d at 406.  An ALJ must give controlling weight to a treating source's opinion if the ALJ finds it well-supported by medically acceptable evidence and not inconsistent with other substantial evidence in the record.  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for

the weight given to the claimant's treating source's opinion." *Blakely*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id*. Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Id*. at 406; *see also* 20 C.F.R. § 404.1527(c). Unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions according to [these] factors, regardless of their source[.]" *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

An ALJ is not required to accept a physician's conclusion that his or her patient is "unemployable." Whether a person is disabled within the meaning of the Social Security Act is an issue reserved to the Commissioner, and a treating physician's opinion -- that his or her patient is disabled -- is not "give[n] any special significance." 20 C.F.R. § 404.1527; *see Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (stating that "[t]he determination of disability is ultimately the prerogative of the Commissioner, not the treating physician"). However, "[t]here remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference." *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009).

In this case, Dr. Henderson concluded that, as a result of Plaintiff's impairments, she cannot work more than one hour per day; cannot sit or stand more than fifteen minutes at a time; cannot lift more than five pounds; cannot bend, stoop, or perform fine or gross manipulation with

7

either hand; and can only occasionally raise her arms above shoulder level. PageID 363-64. In giving Dr. Henderson's opinion "no weight," the ALJ -- beyond the conclusory boilerplate statement that his opinions "are neither well supported by medically acceptable clinical and laboratory diagnostic techniques nor consistent with other substantial evidence in the case record" -- concluded that:

> There is no compelling evidence to form a logical basis for a finding that the claimant is able to stand only 15 minutes or sit only 15 minutes at a time, and there is even less basis for a finding that the claimant can work only one hour per day. These conclusions of Dr. Henderson have been considered, but are given no weight. Dr. Henderson himself reported that the claimant's symptoms affect the joints of both hands, both feet, and the right hip. These particular joints might logically affect the claimant's ability to grip or manipulate and her capacity for standing and walking, but should not affect the claimant's ability to sit (or to perform sedentary work as indicated by Dr. Bolz and Dr. Manos). Consequently, the extent of the limitation described by Dr. Henderson is unsupported by objective medical evidence or clinical findings and is not accepted as credible. When examined by Dr. Danopulos, the claimant exhibit the ability to move about freely. Upper and lower extremities revealed full range of motion. The claimant exhibited normal gait. She did not require an ambulatory aid.

PageID 48-49. The Court finds error in the ALJ's analysis.

The ALJ's statement -- that Dr. Henderson's opinion is not supported by objective medical evidence -- is conclusory. *Id*. In fact, the Sixth Circuit has specifically found reversible error in such conclusory assessments because "[o]ne cannot determine whether the purported problem is that the opinions rely on findings that are not objective (*i.e.*, that are not the result of medically acceptable clinical and laboratory diagnostic techniques[)] . . . or that the findings are sufficiently objective but do not support the content of the opinions." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)(2)).

Plaintiff also alleges that the ALJ improperly concluded that her joint conditions "should not logically affect the claimant's ability to sit[.]" PageID 49. The Commissioner contends that

8

Dr. Danopolus's findings -- *i.e.*, the ability to move about freely during a single examination; full range of motion in upper and lower extremities; normal gait; no ambulatory aid -- support the ALJ's conclusion. Doc. 10 at PageID 401. The undersigned disagrees with the Commissioner's contention.

First, Dr. Danopulos offered no specific opinion concerning Plaintiff's work limitations (such as her ability to sit, stand, or manipulate with her hands) and the ALJ offers no explanation as to how such clinical findings from a single examination undermine the entirety of Dr. Henderson's opinion -- an opinion based on a longstanding treatment relationship. Further, despite such clinical findings, Dr. Danopulos himself concludes that Plaintiff's "ability to do any work-related activities is affected from the combination of arthritic changes of the right foot (gouty arthritis not excluded) mainly with some in the left, plus mild (if any) bilateral hip arthritic changes and erosive changes of the right hand representing rheumatoid arthritis." PageID 333. Thus, from the Court's perspective, Dr. Danopulos's opinion actually offers support for Dr. Henderson's opinion.

Finally, the Court agrees with Plaintiff that, even assuming, *arguendo*, the ALJ properly declined to give controlling weight to Dr. Henderson's opinion, he nevertheless erred by failing to examine any of the factors set forth in 20 C.F.R. § 404.1527(c) to "determine how much weight is appropriate[.]" *Blakely*, 581 F.3d at 406. The ALJ's failure to analyze any of the § 404.1527(c) factors is reversible error. *See Barbe v. Comm'r of Soc. Sec.*, No. 3:13-cv-67, 2013 WL 6158404, at *7-9 (S.D. Ohio Nov. 25, 2013). Given Dr. Henderson's three year treating

9

relationship with Plaintiff, his specialty as a rheumatologist, and the lack of any contrary opinion from an examining source,[3] his opinion was entitled to deferential, if not controlling, weight.

Based on all of the foregoing, the undersigned concludes that the ALJ failed to meaningfully explain his controlling weight determination with regard to Dr. Henderson's opinion and wholly failed to conduct a deferential weight analysis. Accordingly, the undersigned recommends that the Commissioner's non-disability finding be reversed.

### B. Obesity

The undersigned also finds that the ALJ's conclusion -- that Plaintiff's joint conditions "should not logically affect the claimant's ability to sit" -- completely ignores the impact of Plaintiff's obesity. PageID 49. Because "[i]ndividuals with obesity may have problems with the ability to sustain a function over time[,]" an ALJ must assess "the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity with the work environment." *See* Social Security Ruling ("SSR") 02-1p, 2002 WL 34686281, at *6. SSR 02-1p mandates that an ALJ "must consider the impact of a claimant's obesity on her [RFC]." *Auflick v. Astrue*, No. 2:12-cv-29, 2012 WL 4364243, at *6 (S.D. Ohio Sept. 24, 2012).

---

[3] The Court acknowledges the existence of opinions from record reviewing physicians William Bolz, M.D. and Diane Manos, M.D., which the ALJ adopted without specific consideration of any factor set forth in 20 C.F.R. § 404.1527(c). *See* PageID 47-48. In weighing opinions of non-treating sources, such as state agency consultants, Social Security regulations require the ALJ to apply the same level of scrutiny as afforded to treating source opinions. *Gayheart*, 710 F.3d at 379. "A more rigorous scrutiny of the treating-source opinion than the nontreating and nonexamining opinions is precisely the inverse of the analysis that the regulation[s] require[]." *Id*. Further, as previously noted by the undersigned on numerous occasions, simply restating the consultant's opinion and offering a conclusory assessment, without further discussion, fails to satisfy the requirement that the ALJ provide meaningful explanation of the weight given to all the medical opinion evidence. *See* 20 C.F.R. § 404.1527(c); *see also Aytch v. Comm'r of Soc. Sec.*, No. 3:13-cv-135, 2014 WL 4080075, at *5-6 (S.D. Ohio Aug. 19, 2014) (Newman, M.J.) (citing *Chavez v. Astrue*, No. 12-cv-00627-LTB, 2012 WL 5250396, at *7 (D. Colo. Oct. 24, 2012) (finding the ALJ's explanation "lacking" where the ALJ merely "recapitulated" the reasons stated by the Medical Expert for disagreeing with the opinion of a treating physician and failed to "provide his reasons for according [the treating physician's] opinion the . . . weight he did"). Accordingly, in addition to finding that the ALJ failed to properly weight Dr. Henderson's opinion, the undersigned also finds he erred by failing to meaningfully explain the weight accorded the opinions of record reviewing Drs. Bolz and Manos. This error shall be remedied on remand once the ALJ holds another administrative hearing.

In fact, "some analysis of the aggravating tendencies on function caused by obesity, in conjunction with and upon all other severe impairments . . . must be performed." *Stone v. Comm'r of Soc. Sec.*, No. 3:13-cv-197, 2013 WL 5424772, at *2 (S.D. Ohio Sept. 26, 2013) (Rice, J.). This did not occur here, and constitutes a separate basis justifying a Sentence Four reversal and remand.

### IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

In this case, all factual issues have not been resolved. Although the undersigned finds that Dr. Henderson's opinion is entitled to deferential, if not controlling, weight, the Vocational Expert's ("VE") testimony does not clearly establish whether or not an individual, limited to the extent described by Dr. Henderson, could perform a significant number of other jobs existing in the national economy. *See* PageID 66-72. Accordingly, the undersigned concludes that this case should be remanded to the ALJ for further proceedings; specifically for (1) reasonable consideration of Dr. Henderson's findings; and (2) appropriate consideration of Plaintiff's obesity.

## V.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date: November 17, 2015  *s/ Michael J. Newman*
Michael J. Newman
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).